```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

LAWRENCE CORSEY, et al.,         :
                                 :    Civil Action No. 09-2120 (JBS)
          Plaintiffs,            :
                                 :
     v.                          :    **MEMORANDUM OPINION**
                                 :
CAMDEN COUNTY ADMINISTRATION,    :
et al.,                          :
                                 :
          Defendants.            :

**APPEARANCES:**

Plaintiffs <u>pro</u> <u>se</u>
    Lawrence Corsey
    James Wise
    Jonathon Brown
    Kevin Nickles
    Brian O. Springer
    Rashawn McMillian
    Damon Love
    Harry S. Rowan, Jr.
    Elias Rivera
    Daniell Winstand
    Charles Lambert
    Charles Washington
    Anthony McKim
    Alanda Forrest
    Kevin Fooks
    Sanders Kendricks, III
    Khalil Rand
    James Wheeler
    Jose Perez
    Phillip McDade
    Na'im Anderson
    Raybon Selby
    Rashad Rand
    James Pritchett
    Rodney Hendree
    Calvin Lewis
    David Haenn
        at
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08101

**SIMANDLE**, District Judge

Twenty-seven Plaintiffs, prisoners confined at Camden County Correctional Facility, Camden, New Jersey, at the time they submitted this Complaint, seek to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Plaintiffs allege that the conditions of confinement at Camden County Correctional Facility violate the Eighth Amendment of the U.S. Constitution.  Specifically, they allege overcrowding (four men in two-man cells) and inadequate heating and ventilation.  Plaintiffs do not allege whether, at the time of the events complained of, they were pre-trial detainees or convicted and sentenced prisoners.[1]

Plaintiffs name three defendants: Camden County Administration (which this Court construes as a claim against Camden County), Warden E. Taylor, and Freeholder Liaison Joseph Ripa.  Plaintiffs seek compensatory damages and injunctive relief.

---

[1] Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment; convicted and sentenced prisoners are protected by the Eighth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979); City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

### 28 U.S.C. § 1915

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to

20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

A plaintiff granted leave to proceed in forma pauperis must pay the filing fee, and even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

### Rule 11

Rule 11 of the Federal Rules of Civil Procedure requires that <u>each</u> unrepresented Plaintiff sign every pleading, written motion, or other written paper submitted to the Court.

### Rule 18

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

### Rule 20

Rule 20 of the Federal Rules of Civil Procedure provides the following regarding permissive joinder of parties:

> (1) Plaintiffs.  Persons may join in one action as plaintiffs if:
>    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>    (B) any question of law or fact common to all plaintiffs will arise in the action.
> (2) Defendants.  Persons ... may be joined in one action as defendants if:
>    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>    (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial

economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).  However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), a plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

### Rule 21

Rule 21 of the Federal Rules of Civil Procedure provides that, "On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."

### Representation by Others

Finally, each Plaintiff must represent himself.  Only an attorney who is a member of the bar of this Court may represent

another person.  Each pro se plaintiff is personally responsible for pursuing his claims.

### Analysis

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), decided after this Complaint was submitted, the Court of Appeals for the Third Circuit held that in forma pauperis prisoners are not categorically barred from joining as plaintiffs under Rule 20 of the Federal Rules of Civil Procedure and further addressed certain considerations applicable to civil cases in which multiple prisoner plaintiffs seek to join in one action pursuant to Rule 20.

"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court."  Hagan, 570 F.3d at 157.

In addition, where the entire $350 filing fee has not been prepaid, the full $350 filing fee must be assessed against **each** in forma pauperis prisoner co-plaintiff permitted to join under Rule 20, as though each such prisoner were proceeding individually.  Hagan, 570 F.3d at 150.[2]

---

[2] A motion for rehearing en banc has been filed in the Hagan appeal.

Here, as an initial matter, the $350 filing fee was not prepaid. Only one co-plaintiff, Kevin Nickles, submitted an application for leave to proceed <u>in forma pauperis</u>.[3] That application, however, was deficient, in that Plaintiff Nickles failed to provide the required certified six-month institutional account statement. <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

In addition, only one co-plaintiff signed the Complaint. That signature is not legible.

The allegations of the Complaint do not suggest that Plaintiffs are in imminent danger of serious physical injury.

Before this Court can determine whether joinder is appropriate, all co-plaintiffs wishing to participate in this case must submit and sign an amended complaint clearly identifying each plaintiff and his claims, and they must either pre-pay the $350 filing fee or each co-plaintiff must submit an individual application for leave to proceed <u>in forma pauperis</u>. In the alternative, any co-plaintiff who does not wish to proceed with this joint action may submit his own separate individual complaint asserting his individual claims, accompanied by the

---

[3] The Court notes that Plaintiff Nickles's application incorrectly states that the filing fee is $150. The filing fee is $350.

individual's filing fee of $350 or by a completed application for leave to proceed in forma pauperis.

Any future joint amended complaint or individual complaint must comply with the rules for asserting multiple claims by or against multiple parties, as explained above.

Further, all plaintiffs are reminded of the duty to keep this Court, and opposing counsel, advised of any change of mailing address, as required by Local Civil Rule 10.1(a). Failure to advise of a new address, including the plaintiff's transfer to a different place of confinement, can result in non-delivery of important court mail and dismissal of the case.

## CONCLUSION

For the reasons set forth above, Plaintiff Nickles's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiffs will be granted leave to move to re-open, or to file their own individual complaints, within 30 days.[4]  This Memorandum Opinion expresses

---

[4] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

9

no view of the merits, if any, of any claims these individuals may have.

An appropriate Order will be entered.


                                          s/ Jerome B. Simandle
                                         Jerome B. Simandle
                                         United States District Judge

Dated:  **November 17, 2009**